IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3006-FL

FILED
JUN 1 1 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

| | |
|---|---|
| CHRISTOPHER HELMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SARA REVELL, et al., )<br>)<br>Defendants. )<br>) | ORDER |

Plaintiff, a federal inmate, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter came before the court on plaintiff's motion for preliminary injunction (DE # 3), motion to appoint counsel (DE # 5) and motion to expedite (DE # 6). For the following reasons, plaintiff's motions are DENIED.

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional" circumstances. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The facts of this case and plaintiff's abilities do not present exceptional circumstances. Therefore, plaintiff's motion to appoint counsel (DE # 5) is DENIED.

Plaintiff also moved for a preliminary injunction. A movant must establish the following to obtain a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008). Plaintiff has failed to demonstrate irreparable harm, or any of the other requirements necessary to obtain injunctive relief. Therefore, plaintiff's motion (DE # 3) is DENIED. Moreover, the court finds that there is no basis to expedite adjudication of plaintiff's claim. Thus, plaintiff's motion to expedite (DE # 6) is also DENIED.

The court now turns to its frivolity determination. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff brings this action against Sara Revell, Complex Warden and Dr. Duchesne, Medical Director, but fails to state any facts upon which liability can be found against them. A plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff does not allege any facts to demonstrate that defendant Revell or defendant Duchesne had any knowledge of the alleged deliberate indifference. Further, to the extent that plaintiff's claims against these defendants are based upon a theory of *respondeat superior*, this

2

theory is generally inapplicable to Bivens suits. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). Moreover, even if plaintiff had alleged that defendants Revell and Duchesne – the Complex Warden and Medical Director, respectively, of the institution in which plaintiff was incarcerated – knew about any alleged deliberate indifference by other defendants, his Bivens claim still must be dismissed because supervisory officials are entitled to rely on the medical judgments made by prison physicians. Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990). Based upon the foregoing, plaintiff has not alleged facts sufficient to state a claim for supervisor liability against defendant Revell or Duchesne, and his claims against these defendants are DISMISSED.

Plaintiff also brought a claim against Warden Tracy Johns, alleging that defendant Johns was made aware of plaintiff's complaints and allowed the "situation" to continue. It does not clearly appear from the face of the complaint that plaintiff is not entitled to relief on his claims against defendant Johns, thus the matter is allowed to proceed. Plaintiff also alleges claims of deliberate indifference against Denuta Gonzalez, Physician's Assistant; Dr. Derick Phillip; and Terry Kilpatrick, Assistant Health Services Administrator. As it does not clearly appear from the face of the complaint that plaintiff is not entitled to relief on these claims, the matter is allowed to proceed on claims against these defendants as well.

In sum, plaintiff's claims against defendants Revell and Duchesne are DISMISSED as frivolous. However, plaintiff is ALLOWED to proceed on his claims against defendants Johns, Gonzalez, Phillip, and Kilpatrick. Accordingly, the Clerk of Court is DIRECTED to issue summons

for these defendants. Finally, plaintiff's motion to appoint counsel (DE # 5), motion for a preliminary injunction (DE # 3), and motion to expedite (DE # 6) are DENIED.

SO ORDERED, this the 10th day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge